Daniel, J.
The Judge was of opinion, that the Act of Assembly mentioned in the case, did not confer the power on the commissioners, to lay the tax on the defendant, for the non-payment of which he was sued. The third section of the Act empowers the commissioners of Asheville *409 to lay a tax, annually, on the property and inhabitants of the said town, not exceeding ten cents on each hundred dollars valuation of real estate in the said town,'and ten cents on every taxable poll, as they shall deem necessary for the repair of the streets and for the good of the said corporation. It seems that the Legislature has expressly conferred on the commissioners the power of taxing but two objects, to-wit: the real estate, and polls within the limits of the town. The Legislature, designating two objects of taxation, intended, as it seems to us, to exclude from the taxing power of the commissioners every thing else. It would have been very imprudent legislation, to have permitted the commissioners to tax any-and every thing in the town they might think fit, and that, without limit in the amount of the tax. 'The powers conferred on them, to pass bye-laws for the good government of the town, does not authorize them to make Lye-laws to lay taxes on any other things than those expressly named by the Legislature. We think that the-judgment must be affirmed.
PER CüRIAM. Judgment affirmed,